**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lorraine Falto Toro, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Liberty Mutual Personal Insurance Company, et al.,<br><br>　　　　　Defendants. | No. CV-24-01438-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Alternative Service on Defendants Stephanie Moore and John Doe Moore Only (Doc. 37). Plaintiffs believe Defendants Stephanie and John Doe Moore ("Defendants") are evading service. (*Id.* at 2.) As a result, Plaintiffs seek alternative means to effectuate service of process as permitted under the Arizona Rules of Civil Procedure. (*Id.*)

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Arizona law enumerates several sufficient methods to serve individuals and unincorporated associations. Ariz. R. Civ. P. 4.1(d), (i).

> (1) delivering a copy of the summons and the pleading to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d). If a moving party shows service by those means is "impracticable," the Court may "order that service [] be accomplished in another manner." *Id.* 4.1(k)(1).

"There are no Arizona cases interpreting the meaning of 'impracticable' as that term is used in [Rule 4.1(k)]." *Blair v. Burgener*, 226 Ariz. 213, 218 (App. 2010) (formerly Rule 4.1(m)). In *Blair*, the Arizona Court of Appeals determined the standard of impracticability requires something less than the "due diligence" standard. *Id.* at 218 ("[T]he showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process."). Applying that standard, the court deemed personal service was impracticable because the plaintiff attempted service at the defendants' place of business and residence over five different days, and a process server visited the defendants' place of business on seven different occasions. *See id.* at 219. In addition, the court "approvingly cited a New York case on a similar service issue," in which "the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service." *BMO Harris Bank, N.A. v. D.R.C. Invests., L.L.C.*, No. CV-13-1692, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (citing *Blair*, 226 Ariz. at 218).

If alternative service is appropriate, the alternative method "must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Alternative service is constitutional when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr., Co.*, 399 U.S. 306, 314 (1950)).

Plaintiffs are seeking the Court's permission to serve Defendants by three alternative means. First, by posting the summons, first amended complaint, and a copy of this Court's order to Defendants' address. (Doc. 37 at 2.) Second, by sending the documents through certified mail. (*Id.*) And finally, by sending the documents through first class mail. (*Id.*) Plaintiffs argue service by alternative means "is necessitated by good cause

1  and based on [an] inability to serve [Defendants] to date—despite several attempts and
2  diligent investigation." (*Id.*)
3        The Court finds Plaintiffs have met the "impracticable" requirement of Rule 4.1(k).
4  Plaintiffs have attempted to serve Defendants ten times on ten different days. (Doc. 37-2
5  at 2; Doc. 37-3 at 2.) While attempting to serve Defendants, process servers noticed
6  packages with Defendants' names near the front door—which were gone during later
7  attempts to serve—and a vehicle matching the one on Defendants' MVD report. (Doc. 37-2
8  at 2; Doc. 37-3 at 2.) That is enough to show the traditional means of service are
9  impracticable. *See BMO Harris Bank, N.A.*, 2013 WL 4804482, at *4.
10       The Court also finds the methods of service proposed by Plaintiffs meets the
11 constitutional requirements. Publication and mailing have previously been authorized as
12 alternative means of service. *See, e.g.*, *Rio Props., Inc.*, 284 F.3d at 1016. Because packages
13 bearing Defendants' names and their registered vehicles have been observed at the address,
14 it is "reasonably calculated under all the circumstances" to effectuate service through
15 posting and mailing the documents to the address. *See id.* at 1016-17. Therefore, Plaintiffs
16 have made the requisite showing to justify alternative service.
17       Accordingly,
18       **IT IS ORDERED** granting Plaintiffs' Motion for Alternative Service on
19 Defendants Stephanie Moore and John Doe Moore Only (Doc. 37). Plaintiffs shall make
20 service by alternative means on Defendants as follows:
21       (1)    A process server shall post a copy of the first amended complaint,
22 summons, and a copy of this Order at Defendants' address.
23       (2)    A process server shall send additional copies of the documents by
24 certified mail to Defendants' address.
25       (3)    A process server shall send additional copies of the documents by first
26 class mail to Defendants' address.
27 . . . .
28 . . . .

1 **IT IS FURTHER ORDERED** the effective date of service shall be five days after the last of the abovementioned tasks is accomplished.

**IT IS FINALLY ORDERED** Plaintiffs shall file an affidavit upon completion of service specifying the date and details on which alternative service was accomplished.

Dated this 24th day of February, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge